UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| ERIC KRIEG,<br><br>　　　　Petitioner,<br><br>v.<br><br>WARDEN OF USP MCCREARY,<br><br>　　　　Respondent. | Civil Action No. 6:24-CV-033-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*　\*\*\*　\*\*\*　\*\*\*

　　Federal inmate Eric Krieg filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons ("BOP") incorrectly determined that he is ineligible to earn First Step Act ("FSA") time credits. [R. 1]. That petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court has reviewed Krieg's petition and will deny his request for relief.

　　In 2019, Krieg pled guilty to multiple federal crimes, including making an unregistered destructive device in violation of 26 U.S.C. §§ 5861 and 5845; mailing a destructive device in violation of 18 U.S.C. § 1716; malicious use of explosive material in violation of 18 U.S.C. § 844(i); and mailing threatening communications in violation of 18 U.S.C. § 876. *See United States v. Eric Krieg*, No. 2:17-cr-00146-JVB-JEM, at Rs. 28, 43 (N.D. Ind. 2019). Ultimately, the United States District Court for the Northern District of Indiana sentenced Krieg to a total of 348 months in prison. *See id.* at R. 43.

Krieg is currently serving his sentence at the United States Penitentiary – McCreary in Pine Knot, Kentucky, and he argues in his present § 2241 petition that the BOP should consider him eligible to receive FSA time credits. [R. 1]. It is true that the FSA allows a prisoner to earn time credits toward prerelease custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes convictions under 18 U.S.C. § 844(i), relating to the use of an explosive, as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xix). In light of Krieg's § 844(i) conviction, the BOP determined that he was ineligible to earn FSA time credits. [R. 1-2, pp. 1-2].

Krieg nevertheless claims that the BOP should consider him eligible for FSA time credits because only a portion of his overall sentence is attributable to his § 844(i) conviction. *See id.* In other words, Krieg suggests that FSA time credit should be applied toward the sentence imposed for his other convictions because they are not disqualifying convictions and the § 844(i) sentence runs consecutive to the rest of his sentence. *See id.*

Krieg's argument, however, is unavailing. As Krieg acknowledges in his petition, *id.* at 2, the BOP aggregated his prison terms in accordance with 18 U.S.C. § 3584(c), which specifically "instructs the [BOP] to treat multiple terms of imprisonment, whether imposed concurrently or consecutively, 'for administrative purposes as a single, aggregate term of imprisonment.'" *United States v. Gonzales*, 520 U.S. 1, 8 (1997) (quoting 18 U.S.C. § 3584(c)). Although Krieg claims that § 3584(c) "has nothing to do with The First Step Act," [R. 1-2, p. 2], the United States Court of Appeals for the Sixth Circuit recently recognized that "courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length

of that sentence, are administrative functions of the BOP subject to § 3584(c)." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) (citations and quotation marks omitted). Therefore, in *Keeling*, the Sixth Circuit concluded that the district court "did not err in concluding that [the petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Id.* That reasoning applies to this case as well.

Accordingly, it is **ORDERED** as follows:

1. Krieg's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 **[R. 1]** is **DENIED**;

2. All pending motions are **DENIED** as moot;

3. This action is **STRICKEN** from the Court's docket; and

4. The Court will enter a corresponding Judgment.

This 8th day of March, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY